IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

In re. Ahmed Olasunkanmi Salau,

      Debtor/Appellant.

                Civil Action No.  1:15-11080

## MEMORANDUM OPINION AND ORDER

Pending before the court is appellant's motion for leave to file an interlocutory appeal.  (Doc. No. 3).  For the reasons that follow, appellant's motion is **DENIED**.

### I.    Background

On January 8, 2015, appellant filed for Chapter 7 bankruptcy protection.  (In re. Salau, Bankruptcy Petition 1:15-bk-10001, Doc. No. 1).  On February 12, 2015, he filed an adversary proceeding under 11 U.S.C. § 523(a)(8) seeking discharge of student loans.  (Salau v. United States Dep't of Educ. et al., Adversary Proceeding 1:15-ap-1000, Doc. No. 1).  The bankruptcy court reviewed the returns of service filed by appellant in the adversary proceeding and determined that he did not serve a summons or complaint on either the United States Attorney for the Southern District of West Virginia or the Attorney General of the United States as required by Federal Rules of Bankruptcy Procedure 7004(b)(4) and (5).  (Salau v.

United States Dep't of Educ. et al., Doc. No. 28 at ¶ 5).
Accordingly, the bankruptcy court dismissed the Department of
Education as a defendant without prejudice.  Id. at p. 2.

On July 15, 2015 appellant filed a notice of appeal in this
court, (Doc. No. 1), and filed a motion for interlocutory appeal
on July 28, 2015.  (Doc. No. 3).  Appellant's motion for
interlocutory appeal designates two issues for review:  (1)
whether the bankruptcy judge abused his discretion in denying
appellant's motion to continue and denying leave to appear at
the hearing by telephone, and (2) whether the bankruptcy judge
committed clear error when he granted the Trustee's motion to
abandon property.  (Doc. No. 3 at 2).

The court has already reviewed the issues raised in
appellant's motion and determined that they do not merit
interlocutory review.  (In re. Salau, Civil Action No. 1:15-cv-
11078, Doc. No. 15).  Furthermore, even if these issues did
merit interlocutory review, the court found that appellant would
not be entitled to relief as the bankruptcy court did not abuse
its discretion in denying appellant's motion to continue and
denying leave to appear telephonically, nor did the court err by
allowing the Trustee to abandon certain property.  Id.  In light
of this ruling, the issues which appellant presents in his
motion for interlocutory review are moot.

In later filings associated with this case, appellant raises two entirely different issues:  (1) whether the bankruptcy court erred in disregarding his motion for service by the United States Marshals Service, and (2) whether the bankruptcy court erred in deeming service insufficient and dismissing the adversary proceeding without an opportunity to cure these insufficiencies.  (Doc. No. 13 at 1).  These issues are not properly before the court because appellant did not present them in his notice of appeal or his motion for interlocutory appeal.

However, even if these issues were properly before the court, appellant would still not be entitled to relief.  In his later filings, appellant argues that, under the Federal Rules of Civil Procedure, he had "the absolute right to have his complaint served by the United States Marshall's [sic] Service because he was proceeding in forma pauperis." (Doc. No. 13 at 3).  Furthermore, appellant argues that his service of process was sufficient and, even if it was not, the bankruptcy court erred by failing to give him more time to cure any service deficiencies.  Id. at 4.  Having reviewed the record, the court finds that the bankruptcy court did not err on either of these issues.

## II.  **Analysis**

The bankruptcy court did not err in failing to grant appellant's motion for service of process by the Marshal's Service because, in contrast to appellant's argument, the Federal Rules of Bankruptcy Procedure do not require the bankruptcy court to grant such a motion.  As noted above, the service of process at issue relates to an adversary proceeding, rather than a bankruptcy proceeding or a civil action.  An adversary proceeding filed in bankruptcy court is governed by Part VII of the Federal Rules of Bankruptcy Procedure.  See Fed. R. Bankr. P. 7001.  Federal Rule of Bankruptcy Procedure 7004 applies to service of process in adversary proceedings.  While it incorporates a number of the service of process provisions set forth in Federal Rule of Civil Procedure 4, it explicitly does not incorporate Rule 4(c), which provides for service of process by the United States Marshals Service.  See In re Lindsey, 177 B.R. 748, 749 (Bankr. N.D. Ga. 1995)  ("Federal Rule of Bankruptcy Procedure 7004 does not incorporate any part of Federal Rule of Civil Procedure 4 relating to service by a United States marshal and does not itself provide for any method of service by a United States marshal.").  As a result, "the provisions on service of summonses and complaints by a United States marshal apply to civil actions filed in District Court, not to adversary proceedings filed in Bankruptcy Court."  Id.

4

Accordingly, appellant did not have a right to service of
process by the United States Marshal and, as a result, the
bankruptcy court did not err in failing to grant his motion.

Additionally, the record is clear that the bankruptcy court
gave appellant time to cure process deficiencies, but appellant
failed to do so.  Appellant initiated the adversary proceeding
against the United States Department of Education, a federal
agency.  Federal Rules of Bankruptcy Procedure 7004(b)(4) and
(5) govern the service of a summons and complaint on the United
States and its officers and agencies.  Under these Rules, a
party advancing an adversary proceeding must mail a copy of the
summons and complaint to both the civil process clerk at the
United States Attorney's Office in the district in which the
action is brought and to the Attorney General of the United
States.  Fed. R. Bank. P. 7004(b)(4) and (5).  Under Federal
Rule of Civil Procedure 4(l), incorporated by Federal Rule of
Bankruptcy Procedure 7004(a)(1), proof of service must be made
to the court by the server's affidavit.

In this case, appellant did not file any affidavits or
otherwise prove that he served either the United States
Attorney's Office or the Attorney General.  He filed "returns"
on February 19, 2015 and March 2, 2015, but these documents do
little to affirm appellant's service of process on either party.
Instead, the documents only state that appellant mailed the

5

summons and complaint by "Certified Mail Service on an [unidentified] Insured Depository Institution." (<u>Salau v. United States Dep't of Educ. et al.</u>, Doc. No. 7 at 1, 3, 5, 7, 9). These documents are difficult to read, difficult to follow, and do virtually nothing to provide proof of service.

Furthermore, the bankruptcy court recognized appellant's <u>pro</u> <u>se</u> status and offered him an opportunity to appear at a hearing and provide additional evidence of his compliance with Rules 7004(b)(4) and (5). Appellant did not attend the hearing and did not supplement any service documentation. Upon review of this record, the court finds that the bankruptcy court did not err in deeming service insufficient and further finds that appellant had opportunities to cure, yet failed to do so.

While appellant argues that the bankruptcy court should not have dismissed the adversary proceeding for insufficiency of service, the court notes that this is not the outcome of the adversary proceeding. The bankruptcy court dismissed the Department of Education as a party to the adversary proceeding, but did not dismiss the proceeding itself. The bankruptcy court later granted appellant a discharge, which concluded the adversary proceeding. As a result, appellant's argument lacks merit and he is not entitled to relief.

### III. Conclusion

Accordingly, appellant's motion for leave to file an interlocutory appeal, (Doc. No. 3), is **DENIED**.  The remaining motion associated with this case, (Doc. No. 7), is hereby **DENIED** as moot and the Clerk is **DIRECTED** to remove this case from the court's docket.

The Clerk is further **DIRECTED** to send copies of this Order to all counsel of record and appellant, pro se.

**IT IS SO ORDERED** this 14th day of January, 2016.

Enter:

David A. Faber
Senior United States District Judge